Willie Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 68952.

Court of Criminal Appeals of Texas,
En Banc.

July 11, 1984.

316

Ronald G. Mock, Houston (court appointed on appeal), for appellant; Catherine E. Greene and Janet Seymour Morrow, Houston, of counsel on appeal.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Robert N. Burdette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

Appellant was indicted for capital murder. He pled guilty before a jury. The State put on evidence, and the jury then rendered an instructed verdict of guilty. The jury then heard evidence at the punishment stage of trial and answered the three special issues affirmatively. In accordance with Art. 37.071(e), V.A.C.C.P. the court assessed punishment at death.

On October 13, 1980 appellant and three other persons were riding around in a car looking at various places of business in Houston in which they might commit a robbery. They stopped behind a store called Joseph's Deli. Only appellant and Joseph Nichols got out of the car; they walked into the store and went to the back. Appellant took a quart of beer from the cooler; he and Nichols then walked to the front of the store and stood in front of the cash register. Both men pulled guns on Claude Shaffer, the man behind the counter. Shaffer reached for and grabbed a pistol which he pointed at appellant. Nichols fired a shot at Shaffer and Shaffer "went down" in what appellant described as a squatting position. Nichols and appellant turned and started to go out the door. Appellant still had his weapon pointed back toward Shaffer, whom he thought had not been hit. Nichols went out the door, but appellant turned back toward the counter and saw Shaffer squatting with his back to appellant. Appellant shot Shaffer in the back, killing him, ran out of the store, and then came back inside. He testified that he returned to see whether he had hit the deceased. He removed a box which contained money from behind the counter. Then he ran out of the store.

A witness testified that she was in the store that morning when appellant and Nichols came into the store. She left the store, and a few minutes later heard a gunshot and saw appellant run out of the store carrying a box.

Appellant's confession was introduced into evidence, along with testimony that appellant had been involved in three robberies prior to the instant one and had also been involved in two robberies immediately afterward.

Appellant asserts eight grounds of error. Four of those grounds concern his plea of guilty before the jury. First, appellant claims that a guilty plea to a jury in a capital case is equivalent to a waiver of trial by jury, which is forbidden by Art. 1.14, V.A.C.C.P. See also Arts. 1.13 and 1.15, V.A.C.C.P.

Art. 1.14 states:
The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case.

Art. 1.14 evolved from earlier statutes that mandated that a defendant could not waive his right to trial by jury in any felony case. He could plead guilty but he had to do so before a jury. This was considered a jury trial. See Art. 11, V.A.C.C.P. (1925). In 1931 Art. 11 was amended to allow waiver of trial by jury in a felony case only when a defendant pled guilty to the felony. Acts 1931, 42nd Leg., p. 65, ch. 43, Sec. 2. In 1965 the statute was revised to read:
The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. When the State makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed.

An amendment in 1967 inserted "nolo contendere, or not guilty" in the last sentence following "enter a plea of guilty." In 1973 Art. 1.14 was changed to read, as it does

today, that a defendant may waive any rights secured him by law except the right of trial by jury in a capital felony case. Defendants could now plead not guilty in a trial before the court rather than pleading not guilty *only* to a jury.

Art. 26.14, V.A.C.C.P. is a companion provision to Art. 1.14. Prior to 1931 a defendant could not waive trial by jury in a felony case under Art. 11, predecessor to Art. 1.14, whether he pled guilty or not guilty. Art. 502, V.A.C.C.P. (1925), the predecessor to Art. 26.14 stated:

> Where a defendant in a case of felony persists in pleading guilty, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon.

This plea of guilty required by prior law to be taken before a jury has always been considered a jury trial. *Miller v. State*, 412 S.W.2d 650 (Tex.Cr.App.1967); see Art. 11 (1925) and Art. 1.14.

In 1965 Art. 26.14 was amended to read as it does today;

> Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, *unless the defendant in accordance with Arts. 1.13 or 37.07 shall have waived his right to trial by jury*. [Emphasis added]

The emphasized portion was the only change in the statute. Art. 1.13 is entitled "Waiver of trial by jury" and discusses pleas before the *court*. Clearly *any* plea before a jury has always been considered to be a jury trial.

Case law and Art. 26.14 itself, particularly when read in light of the added language, have consistently held that a plea of guilty before a jury is a trial by jury and does not constitute waiver of trial by jury. *Miller*, supra; *Beard v. State*, 146 Tex. Cr.R. 96, 171 S.W.2d 869 (Tex.Cr.App.1943);

*Rocha v. State*, 148 Tex.Cr.R. 237, 186 S.W.2d 267 (Tex.Cr.App.1945).

As appellant points out, the plea of guilty before a jury essentially becomes a trial on punishment since entry of a plea of guilty before a jury establishes a defendant's guilt except where evidence demonstrates his innocence. *Anderson v. State*, 118 Tex.Cr.R. 194, 42 S.W.2d 1012 (1931); *Vance v. State*, 122 Tex.Cr.R. 157, 54 S.W.2d 118 (1932): *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App.1968). The introduction of evidence is not to determine guilt but is to enable the jury to intelligently exercise discretion in determining the appropriate punishment. *Grounds v. State*, 140 Tex.Cr.R. 209, 144 S.W.2d 276 (1940); *Darden*, supra.

Appellant acknowledges that "the statutory history does not demonstrate that the proscription against jury waiver in Art. 1.14, in any of its stages, has ever prevented a defendant from pleading guilty to a jury." In *Beard*, supra, and *Rocha*, supra, the defendants pled guilty before a jury and were assessed the death penalty. However, appellant contends that "the 1973 changes governing the classification of capital crimes and the procedural scheme for implementing the death penalty call for a new construction of the meaning of 'trial by jury' under Article 1.14." Specifically, appellant contends that trial by jury under Art. 1.14 does not permit a defendant to plead guilty before a jury because this plea constitutes, in effect, a waiver of jury trial.

Appellant reasons that the capital murder statute and Art. 37.071, V.A.C.C.P. are formulated only for bifurcated trials and that past decisions uniformly hold that pleas of guilty to the jury are not bifurcated trials. *Ring v. State*, 450 S.W.2d 85 (Tex.Cr.App.1970); *Basaldua v. State*, 481 S.W.2d 851 (Tex.Cr.App.1972). Appellant contends that the logical extension of this reasoning is that, because Art. 37.071 authorizes only *bifurcated* capital cases and a guilty plea is not bifurcated, a defendant may not plead guilty in a capital case.

■ Art. 37.07 has been thought to apply only to bifurcated trials and only to pleas of not guilty before a jury. *Eads v. State*, 598 S.W.2d 304 (Tex.Cr.App.1980); *Basaldua*, supra.[1] Art. 37.071 is a mandatory procedure in a capital case once a finding of guilt is had, whether that be by guilty plea to a jury or by a not guilty plea to a jury.[2]

"(I)n the wake of *Furman* the legislature has adopted a 'category of cases' view and has adopted a mandatory procedure to be followed in capital cases where the extreme penalties of death or life imprisonment are involved...." *Batten v. State*, 533 S.W.2d 788 (Tex.Cr.App.1976). The Texas capital murder sentencing scheme requires that a jury determine punishment, regardless of the plea. See *Bullard v. State*, 548 S.W.2d 13, 18 (Tex.Cr.App.1977). Art. 26.14 also applies in the present case and must be read in conjunction with Art. 37.071 since this is a capital case with two possible punishments. Consistent with our prior decisions we hold that a plea of guilty before a jury in a capital case constitutes trial by jury. *Morin v. State*, No. 69,028 (delivered September 14, 1983); *Williams v. State*, 522 S.W.2d 483 (Tex.Cr.App.1975); *Rojas v. State*, 404 S.W.2d 30 (Tex.Cr. App.1966). No waiver of jury trial is involved in the present case.

Additionally, we note that the procedure employed in this case has the indicia of a bifurcated trial. Appellant pled guilty before the jury. The State presented evidence and the trial court submitted a charge to the jury instructing them to find appellant guilty. After the jury signed the verdict finding appellant guilty a separate hearing was held at which further evidence was presented by appellant and the State. The court then submitted a charge to the jury directing them to answer the three special issues. Art. 37.071(b).

■ The critical point of any trial on a guilty plea before a jury is the punishment. The introduction of evidence at this stage is done to enable the jury to intelligently exercise the discretion which the law vests in them concerning the possible penalty to be assessed. *Darden*, supra; *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1980). In a capital case Art. 37.071 sets out the procedure by which the jury is given the constitutionally mandated opportunity to hear both aggravating and extenuating or mitigating circumstances.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error, which asserts that no written waiver of the right to jury trial is contained in the record, is overruled for the same reason: a jury trial was held.

Appellant's next two grounds of error involve procedures used to admonish appellant upon his plea of guilty. First, appellant claims that the court must specifically inform him of his right against self-incrimination, his right to confront and cross-examine witnesses against him, and his right to trial by jury. Appellant contends that without those waivers he cannot be said to have knowingly and voluntarily pled guilty.

■ The rights referred to by appellant were never waived. Indeed, the trial court told appellant that even though he pled guilty "The state will have to introduce evidence into the record to prove your guilt beyond a reasonable doubt."[3] The court also allowed, and appellant exercised, his confrontation right fully during the

---

1. The statute by its own terms does not restrict its application to such cases. See section a: "The verdict in *every* criminal action...;" (emphasis added) and section 3: "Regardless of the plea...." Only section 2 is specifically applicable only to pleas of not guilty tried before a jury.

2. The plea must be to a jury so as to comply with the limitations of Art. 1.14. Whether such a procedure, where a guilty plea is entered, is to be denominated unitary or bifurcated is moot: Art. 37.071 governs all capital cases and it provides for a trial by jury upon the issues related to punishment.

3. This was not correct because when a defendant pleads guilty before a jury no evidence need be entered. Evidence is necessary for a guilty plea before the court only.

jury trial on the guilty plea and on punishment. There is no requirement that appellant be informed of his right against self-incrimination at trial upon a plea of guilty. We see no reason to so require. Appellant received more than was required since evidence need not be introduced before a jury at the guilt stage. This ground of error is overruled.

■ In his fourth ground of error appellant argues that the court's admonishment as to range of punishment does not satisfy Art. 26.13(a)(1), V.A.C.C.P. in a capital murder case. Appellant concedes that the court informed him of the maximum and minimum punishment he could receive: THE COURT; "You understand the penalty for this particular offense that you have just pled guilty to is a mandatory punishment of either life or death and it is necessary that a jury be the persons who answer questions that will ultimately lead to the sentence that you will receive."

Appellant would have, as of right, the requirement that he be given "information equivalent to that given prospective jurors." He does not inform us of exactly what information he would find that to be. The court complied fully with Art. 26.13. Appellant's ground of error is overruled.

■ Appellant contends the trial judge erred in refusing to allow appellant to answer a question at the punishment stage about whether he intended to kill the deceased. While appellant's attorney was questioning appellant at the punishment stage of trial the following interchange took place.

DEFENSE ATTORNEY; Did you intend to kill Mr. Claude Shaffer, Jr.?
PROSECUTOR; That's immaterial at this point.
THE COURT; Sustained."

After a few more questions the defense attorney asked: "When you went in that store did you intend to use that gun?" Appellant replied, "No sir."

**4.** Art. 37.071(b)(3) states: "if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in re-

Appellant argues that by sustaining the State's objection the court prohibited appellant from placing before the jury evidence concerning the deliberate nature of his conduct as permitted under Art. 37.071(b)(1). We point out that the latter question concerning the gun which was not objected to has much more to do with deliberateness than the barred question.

This Court has held that deliberate does not mean the same as intentional. *Fearance v. State*, 620 S.W.2d 577 (Tex.Cr.App. 1981); *Heckert v. State*, 612 S.W.2d 549 (Tex.Cr.App.1981). Appellant had already pled guilty to intentionally causing the death of the deceased by shooting him with a gun and had, by his plea, admitted intent. We do not know what answer appellant would have given since no bill of exception was developed. Appellant claims that it does not matter that the record does not contain a bill of exceptions because either a yes or no would have been helpful on the deliberateness issues. We agree that a distinction between intentional and deliberate would indeed have been helpful to the jury, especially, as appellant points out, in light of the prosecutor's voir dire (to which no objections were lodged) that equated *deliberately* and *intentional* as synonymous terms. We do not think that disallowing this single question concerning intent, without a showing of what the answer would have been and without any other attempt at questioning along these lines, demonstrates a failure to allow evidence concerning "deliberateness" under Art. 37.-071(b)(1). No evidence in mitigation was barred by the court.

The ground of error is overruled.

■ In appellant's next ground of error he contends that although submission to the jury of the third punishment issue[4] was proper, the State essentially transformed the issue from a mitigating circumstance to an aggravating circumstance. Appellant claims this amounts to a denial

sponse to the provocation, if any, by the deceased.

of due process. Apparently appellant is unhappy with the fact that the jury chose to believe the State's evidence in proving to the jury that the murder was not a reasonable response to provocation. Appellant fails to point to any particular action by the State at punishment that demonstrates the complained of error. Appellant claims that the voir dire on the provocation issue "set the stage for (the State's) subversion of question three" and that the State was successful at punishment in arguing that no provocation can be shown by a deceased who is lawfully attempting to defend himself. The evidence showed, and appellant's own testimony confirmed, that he shot the deceased in the back as he squatted down. Appellant did not see him try to turn and shoot. Appellant does not point to any testimony or evidence to demonstrate how the State allegedly denied him due process in regard to the third punishment issue. The jury received the evidence and made their determination on the issue. We do not find any due process violations.

The ground of error is overruled.

■■ Appellant challenges the sufficiency of the evidence to support the jury's affirmative answer on the deliberateness issue.[5] In *Smith v. State,* 540 S.W.2d 693 (Tex.Cr.App.1976) the defendant entered a grocery store, pointed a gun at the attendant and told him he was being robbed. The attendant made a motion " 'behind his jacket' " and the defendant called to his co-defendant, after his own gun misfired. The co-defendant shot and killed the attendant. The two defendants then took the money and left.

In *Smith* the evidence was sufficient to support a deliberateness finding even for the defendant who did not actually shoot the victim. The facts of the instant case are more compelling than those in *Smith.* See also *Milton v. State,* 599 S.W.2d 824 (Tex.Cr.App.1980). We find the evidence sufficient to support the jury's affirmative finding on the issue of deliberateness.

**5.** Art. 37.071(b)(1): whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the rea-

■■ Appellant challenges the constitutionality of Art. 37.071(b)(1), V.A.C.C.P. as this Court has construed it by its decisions following the U.S. Supreme Court's decision in *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). Appellant contends that this Court's interpretation of Art. 37.071(b)(1) has so limited the deliberateness issue as to no longer include proper consideration of mitigating circumstances or meet Constitutional requirements to protect against "a wanton and freakish assessment of the death penalty." Appellant urges this Court to provide guidance to trial courts and juries by recognizing some working definition of "deliberate". We note that appellant did not request any charges, nor did he object to those given.

In *Jurek,* supra, the Supreme Court reviewed the Texas capital punishment scheme under Art. 37.071 and stated that "the constitutionality of the Texas procedures turns on whether the enumerated questions allow consideration of particularized mitigating factors." *Jurek,* supra at 272, 96 S.Ct. at 2956. The Supreme Court noted that "The Texas Court of Criminal Appeals has not yet construed the first and third questions..., thus it is as yet undetermined whether or not the jury's consideration of those questions would properly include consideration of mitigating circumstances. We cannot, however, construe the statute; that power is reserved to the Texas courts." *Jurek* at 272, n. 5, 96 S.Ct. at 2956, n. 5.

Appellant argues that this Court's subsequent construction of Art. 37.071(b)(1) is unconstitutional. The first of the three issue under Art. 37.071(b) must allow consideration of mitigating factors as to whether the act was committed *deliberately.* If the jury does not unanimously answer "yes", the only authorized punishment is confinement for life. The jury must therefore know what *deliberate* un-

sonable expectation that the death of the deceased or another would result.

der 37.071(b)(1) means. *Deliberate* is not defined by statute. This Court has held that *deliberate* is a word simple in itself and used in its ordinary meaning, *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980); *King v. State,* 553 S.W.2d 105, 107 (Tex.Cr. App.1977). The oft-stated rule is that where there is no statutory definition of a term and that term has a common and ordinary meaning, jurors can be presumed to know and apply such meaning. *Russel v. State,* 665 S.W.2d 771 (1983); *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980). See also Art. 3.01, V.A.C.C.P.

We do not find that subsequent construction by cases following *Jurek v. Texas,* supra, have limited the deliberateness issue so that proper consideration of mitigating circumstances is excluded. Neither do we find that Art. 37.071(b)(1) permits wanton and freakish assessment of the death penalty. Art. 37.071(b)(1) has caused some confusion because its "common meaning" has been somewhat limited by court decisions, and while a definition of deliberate would have been helpful, it was not essential, *Russel,* supra, and we therefore find no error is presented.[6]

The judgment is affirmed.

6. Trial courts, attorneys and jurors have evidenced much confusion and conflict over differing interpretations of the common meaning of *deliberate* within the context of a capital murder punishment hearing. While a majority of the Court does not agree, four judges, W.C. Davis, Clinton, Teague, and Miller do agree that upon timely request by a capital murder defendant or the State, that party is entitled to have the jury instructed at the punishment phase that:

(1) as used in the first special issue, the word "deliberately" has a meaning different and distinct from the word "intentionally" as that word was previously defined in the charge on guilt and

(2) the word "deliberately" as used in the first special issue means a manner of doing an act characterized by or resulting from careful consideration: "a conscious decision involving a thought process which embraces more than mere will to engage in the conduct." See *Fearance v. State,* 620 S.W.2d 577, 584 (opinion on appellant's motion for rehearing 1981).