

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-74,391

**PERRY EUGENE WILLIAMS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL
### FROM HARRIS COUNTY

**JOHNSON, J., filed a concurring and dissenting opinion.**

C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

The articles of the Texas Code of Criminal Procedure that deal with trials are very specific as to the duties of the participants and the rights of the parties. Many articles contains mandatory language, followed by a condition. Article 33.03 commands that a defendant must be personally present at trial, but allows the defendant to choose to be absent after the commencement of trial. *See also Garcia v. State*, 919 S.W.2d 370 (Tex. Crim. App. 1996). Likewise, the defendant must be present at sentencing on a felony offense, unless the defendant voluntarily absents himself. TEX. CODE CRIM. PROC. art. 37.06. Article 36.15 requires the trial court to allow counsel for the state and

the defendant a reasonable time to present written instructions to be included within the jury charge. The statute mandates opportunity, but does not require a request from either counsel or require the trial court to grant any such request. Article 20.03 says that an attorney representing the state is entitled to appear before the grand jury and present evidence, but does not mandate the presence of state's counsel and bars it during grand-jury deliberations. Article 26.052(g) says that the trial court shall grant a request for advance payment of certain expenses, if the trial court deems the request is reasonable. The United States Constitution guarantees the right to counsel, but even that constitutional right may be waived by the defendant if certain prerequisites are met. *See Faretta v. California*, 422 U.S. 806 (1975). The defendant may introduce evidence in his defense or may sit silent, just as a capital defendant may introduce mitigating evidence or remain silent. Each of these conditional duties or rights is parceled out to the court, the state, or the defendant. Each condition that negates a duty and each decision to waive a right can be invoked only by the person whose duty or right it is. The trial court cannot force a defendant to waive his right to counsel or dismiss a case before trial without the state's consent. The prosecutor cannot deny a request from defense counsel for advance payment, a defendant cannot forbid a prosecutor to present evidence to a grand jury, and neither can dictate to the trial court the contents of the court's charge.

While some rights and duties are conditional and others waivable, some statutes create an unavoidable duty. The state must produce evidence of guilt. TEX. CODE CRIM. PROC. art. 1.15. Writ "counsel shall investigate . . . the factual and legal grounds for the filing of an application for a writ of habeas corpus." TEX. CODE CRIM. PROC. art. 11.071, § 3(a). The state shall answer the defendant's application for writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.071, § 7. A defendant in a capital case may not waive indictment in favor of an information, even if the state is

not seeking the death penalty.   TEX. CODE CRIM. PROC. art. 1.141.  In a capital trial, the defendant

cannot waive a jury trial if the state is seeking death.  TEX. CODE CRIM. PROC. art. 1.13(a).  Our case

law permits a capital defendant to waive the guilt phase and plead guilty to the jury, but it is always

and only for the jury to decide what punishment will be assessed. *Williams v. State*, 674 S.W.2d 315

(Tex. Crim. App. 1984).

Many of the provisions that govern the trial of capital murder place upon the trial court an

unconditional duty; the trial court shall conduct a jury trial (TEX. CODE CRIM. PROC. art. 1.13), shall

hold a separate punishment hearing with the trial jury if death is sought (TEX. CODE CRIM. PROC.

art. 37.071, §(3)(a)(1)), and shall sentence the defendant to either life without parole or to death

(TEX. CODE CRIM. PROC. art 37.071, § (2)(g).  A general provision states that the trial court shall

deliver to the jury the court's charge.[1]  TEX. CODE CRIM. PROC. art. 36.14.  The article specific to

the court's charge in capital-murder trials, article 37.071, explicitly mandates two issues that the jury

must always answer and a third instruction that, if the jury answers "Yes" to each of the first two

mandatory issues, must also be answered by the jury.

Article 37.071 Procedure in Capital Case

\* \* \*

Sce. 2(b) On conclusion of the presentation of the evidence, the court shall submit
the following issues to the jury:
> (1) whether there is a probability that the defendant would commit criminal
> acts of violence that would constitute a continuing threat to society; and
> (2) in cases in which the jury charge at the guilt or innocence stage permitted
> the jury to find the defendant guilty as a party under Sections 7.01 and 7.02,
> Penal Code, whether the defendant actually caused the death of the deceased
> or did not actually cause the death of the deceased but intended to kill the

---

[1]  Article 36.14 mandates that the defendant or defense counsel shall have reasonable time to examine the court's charge and submit written objections to it.  Curiously, the prosecution is not accorded the same opportunity.

deceased or another or anticipated that a human life would be taken.

* * *

Sec. 2(e)(1) The court shall instruct the jury that if the jury returns an affirmative finding to each issue submitted under Subsection (b), it shall answer the following issue:

> Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed.

To my knowledge, no one has ever suggested that either or both of the first two issues may be waived. They are clearly necessary to the decision on the sentence to be assessed. Why is it, then, that the third mandated issue, also necessary to the decision on the sentence to be assessed, can be waived?

The answer frequently given is that the first two issue "belong to the state," which has a burden of proof, while the mitigation issue is "the defendant's issue." By waiving the giving of the mitigation instruction, the reasoning says, a defendant may forestall presentation of victim-impact and victim-character evidence by the state; a defendant gives up the instruction and the mitigating evidence, and the state may not then "rebut" that evidence with victim-impact and -character evidence. We have said so ourselves. *See, e.g., Ripkowski v. State*, 61 S.W.3d 378, 390 (Tex. Crim. App. 2001). I might be persuaded of the validity of that position if that were the way things worked in the real world, but it is not. In the real world, capital defendants waive the mitigation instruction only to find that, by asserting that the victim-impact and -character evidence is admissible under some other legal theory, the state introduces the very evidence that the defendant waived the instruction to keep out. The state benefits from the waiver, but the defendant loses two ways–no

instruction, no evidence.

I see two possible resolutions. The first is for this Court to rule that the mere giving of the legislatively mandated instruction does not "open the door" to presentation of victim-impact and victim-character evidence by the state; admissibility of that evidence, like all other evidence, would be governed by Rules of Evidence 403 and 404. The second is that, if the instruction is waived, victim-impact and victim-character evidence may not be admitted. The first applies limits to the nature and extent of victim-impact and victim-character evidence. The second ensures that the defendant gets some benefit from his bargain.

I dissent as to point of error one and otherwise concur in the judgment of the Court.

Filed: June 11, 2008
Publish