Opinion issued June 17, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00692-CR

———————————

AMBER CATRICE EDMONSON, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 10th District Court

Galveston County, Texas



Trial Court Case No. 08CR3025

 



 

MEMORANDUM OPINION

          Appellant,
Amber Caprice Edmonson, pleaded guilty before a jury to the offense of
aggravated robbery with a deadly weapon.[1]  The jury assessed appellant’s punishment at 8
years’ imprisonment.  In one issue,
appellant contends that she was “denied a fair trial because the court failed
to admonish her before she pled guilty.” 

          We
affirm.

Background

          A
grand jury indicted appellant for the felony offense of aggravated
robbery.  Appellant decided to plead
guilty to the offense but to have the jury assess her punishment.  Before voir dire and outside the presence of
the venire, the following exchange occurred between appellant and the trial
court: 

THE COURT:  The charge against you is aggravated robbery
and that is a first degree felony.  If
you are convicted of that offense you could be sent to the penitentiary for a
period of not less than five nor more than 99 years or life imprisonment and a $10,000
fine can also be imposed.  Do you
understand that’s the range of punishment?

 

[Appellant]:
 Yes, sir.

THE COURT:  You understand you have a right to jury trial,
and you have a right to plead not guilty, and you could force the State to
prove your case, and you also have a right of appeal.  But you are not waiving the right to jury
trial as to punishment and you are not waiving your right to appeal any matters
that come before the Court that your lawyer feels they can appeal for you, and
my understanding is you will be entering a plea of guilty to the charge of
aggravated robbery; is that correct?

 

[Appellant]:
 Yes, Your Honor.

THE COURT:  I take it the lawyer has explained all your
rights to you?

 

[Appellant]:  Yes, sir.

 

THE COURT:  Do you understand them?

 

[Appellant]:  Yes, sir.

 

THE COURT:  And do you understand the range of punishment
in the case?

 

[Appellant]:  Yes.

 

The State then read the indictment. 
The exchange between appellant and the trial court continued as follows:

THE COURT:  How do you plead?

[Appellant]:
 Guilty.

THE COURT:  Are you pleading guilty voluntarily?

[Appellant]:
 Yes, Your Honor.

THE COURT:  No one made you any promises for entering
that plea, did they?

 

[Appellant]:
 No.

THE COURT:  No one forced you to do that?

[Appellant]:
 No, sir.

THE COURT:  I will accept it and we will have the
indictment read in front of the jury after we pick the jury, and you can enter
your plea of guilty at that time before the jury.

 

[Appellant]:
 Thank you, Your Honor.

          A jury was then chosen.  With the jury present, the prosecutor read
the indictment, and the trial court asked appellant how she pled.  Appellant responded, “Guilty.”  Trial then continued with regard to
punishment.  The prosecution offered
witness testimony, which was subject to cross-examination by the defense.  Appellant took the stand and testified in her
own defense.  

          The court’s charge instructed the jury
as follows: “The Defendant [ ] has pled guilty in this case to the offense of
Aggravated Robbery as alleged in the indictment.  You are now instructed to find the Defendant
guilty of Aggravated Robbery as alleged in the Indictment and to assess her
punishment for the offense.”  

The jury assessed appellant’s punishment at 8 years in prison.  This appeal followed.

Appellant’s
Guilty Plea

          In
her sole issue, appellant contends that she was not properly admonished before
she pled guilty to the offense of aggravated robbery.  In support of this issue, appellant argues
that the trial court “never admonished [appellant] of her right to trial by
jury, the right to confront one’s accusers, and the privilege against
compulsory self-incrimination.” 
Appellant further asserts that the provisions of Code of Criminal
Procedure articles 1.13 and 1.15 were not followed.  These articles set out the requirements and
procedure that must be followed before a defendant can waive her right to a
trial by jury.  See Tex. Code Crim. Proc.
Ann. arts. 1.13, 1.15 (Vernon 2005).  

Appellant’s argument presumes,
incorrectly, that a defendant who pleads guilty in front of a jury has waived her
right to trial by jury.  The law is clear
that a guilty plea before a jury is a
trial by jury; such plea does not constitute waiver of trial by jury.  See Williams
v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984); Garcia v. State, 877 S.W.2d 809, 812 (Tex. App.—Corpus Christi 1994,
pet. ref’d); see also Tex. Code Crim. Proc. Ann. art. 26.14
(Vernon 2009) (requiring that a jury shall be impaneled to assess punishment
when a defendant in a felony case pleads guilty, unless the defendant has
waived the right to trial by jury).  

Here, appellant did not waive her
right to trial by jury.  A jury was
impaneled, and appellant pled guilty in front of the jury.  Each side offered evidence.  Appellant cross-examined each of the State’s
witnesses, and she testified in her own defense.  After hearing appellant’s guilty plea, the
jury found appellant guilty, as instructed, and assessed her punishment.  In short, the record shows that appellant was
tried by a jury.  Thus, the requirements
of articles 1.13 and 1.15 did not apply and need not be met.  See Williams,
674 S.W.2d at 318.

In addition, the trial court was
not required to admonish appellant regarding her rights regarding
cross-examination and self-incrimination.  After an accused enters a plea of guilty to a
felony charge before the jury, the proceedings, including guilt-innocence and punishment,
are a unitary trial.  Carroll v. State, 975 S.W.2d 630, 631
(Tex. Crim. App. 1998).  Because she
retains her right to confront and to cross-examine witnesses, a defendant who pleads
guilty before a jury need not be informed of her rights regarding
cross-examination and self-incrimination.  See Williams,
674 S.W.2d at 319–20; Garcia, 877
S.W.2d at 812.  

          We
recognize that a constitutionally valid guilty plea must be freely, knowingly,
and voluntarily made.  See Brady v. United States, 397 U.S.
742, 748, 90 S. Ct. 1463, 1469 (1970).  Consistent
with due process, a guilty plea must be made with a clear understanding of the direct
consequences of the plea.[2]  Mitschke
v. State, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004).  Furthermore, a guilty plea must be the
expression of the defendant’s own free will and not induced by threats,
misrepresentations, or improper promises. 
Kniatt v. State, 206 S.W.3d
657, 664 (Tex. Crim. App. 2006).  

          Here,
the record reflects that the trial court informed appellant of the punishment
range for the offense.  The court also
questioned appellant to insure that she was pleading guilty of her own free
will.  Nothing in the record indicates
that appellant’s guilty plea was not voluntarily given.  

          We
overrule appellant’s sole issue.

Conclusion

          We affirm the judgment of
the trial court.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

 

 

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §§
29.02(a)(2), 29.03(a)(2) (Vernon 2003).





[2]           Direct consequences of a plea are
generally held to be the admonishments listed in article 26.13 of the Texas
Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2009); Meyers v. State, 623 S.W.2d 397, 402
(Tex. Crim. App. 1981) (explaining that purpose and function of article 26.13
is to ensure only constitutionally valid plea is accepted by trial court).  Appellant does not complain that the trial
court failed to admonish her in compliance with article 26.13.