Opinion issued December 9, 2010



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-09-00607-CR

———————————

MILTON LEWIS
BARNES, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal
from the 185th District Court

Harris
County, Texas



Trial Court Case No. 1128590

 



 

 

O P I N I O N

Appellant
Milton Lewis Barnes entered a plea of guilty before the jury to the offense of
aggravated assault.  See Tex. Penal Code Ann.
§ 22.02(a), (b)(1) (Vernon Supp.
2010).  The jury found that appellant
used a deadly weapon in the commission of the offense and assessed punishment
at 40 years’ imprisonment.  Appellant
brings a single point of error, contending the trial court erred in not admonishing
him of the range of punishment.  We
affirm.

The
complainant and appellant are the parents of two children and lived together
twice during their relationship.  The complainant
testified at trial that appellant had become more aggressive due to drug and
alcohol use.  On the day before the
assault, they had been arguing, and she was concerned that her children might
be harmed.  She decided to stay with her
niece, but returned home the next day to feed her dogs.  While she was walking back to the bus station,
appellant approached her and stabbed her multiple times with a knife.  A witness told firefighters from a nearby
station about the attack, and firefighters went to the scene, where they confronted
appellant.  Appellant continued to hold a
knife in his hand until the police arrived and arrested him.

          Appellant contends that the trial
court failed to give an admonishment required by Code of Criminal Procedure
article 26.13, i.e., the range of punishment. 
See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp.
2010).  The reporter’s record does not
reflect that the trial court specifically admonished him concerning the range
of punishment in accordance with article 26.13(a)(1).[1]  This, however, is not a case in which the
trial court accepted a guilty plea, but is a case in which there was a jury
trial and appellant pleaded guilty before the jury.

          We
recognize that a constitutionally valid guilty plea must be freely, knowingly,
and voluntarily made.  See Brady
v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970).  Consistent with due process, a guilty plea
must be made with a clear understanding of the direct consequences of the
plea.  Mitschke v. State, 129 S.W.3d 130, 132 (Tex. Crim. App. 2004).  Because the purpose and function of article
26.13 is to ensure compliance with due process, we will construe appellant’s
point of error as arguing that his guilty plea to the jury was involuntary
because he was unaware of the range of punishment.[2]

          During the voir dire of the jury panel, both
the trial court and the State referred to the punishment range multiple times,
all of which occurred before appellant pleaded guilty.  Nothing in the record suggests that appellant
was not present during voir dire or could not understand what was said
concerning the punishment range. 
Additionally, at no time did appellant’s counsel complain to the trial
court that appellant was unaware of the range of punishment, even though
appellant was present during voir dire.  See Tex.
R. App. P. 33.1(a).[3]

          On
appeal, appellant argues that he pleaded guilty to the trial court before the
beginning of trial.  While it is true
that appellant informed the trial court that he was pleading guilty before voir
dire commenced, appellant did not waive his right to trial by jury.  The trial court informed appellant that he
was choosing to plead guilty to the jury.  The law is clear that a guilty plea before a
jury is a trial by jury.  See Williams
v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984).

          We overrule appellant’s sole point of
error and affirm the trial court’s judgment of conviction. 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Publish.  Tex.
R. App. P. 47.2(b).











[1]           The docket sheet contains
the following entry: “1-10-08 ∆ in Ct.
w/counsel advised of range of punishment.” 
Because we conclude that the reporter’s record reflects that appellant
was aware of the range of punishment, we express no opinion whether the docket‑sheet
entry alone would be sufficient evidence that appellant was aware of the
punishment range.  See also Tex. Code Crim. Proc. Ann.
art. 26.13(d) (Vernon Supp. 2010) (admonitions required by article 26.13(a) may
be oral or written; if written, defendant and defendant’s attorney must sign
statement that defendant understands admonitions and is aware of consequences
of plea).

 





[2]           We note that the specific
article 26.13(a) admonishments are not constitutionally required.  See
Aguirre‑Mata v. State, 992
S.W.2d 495, 499 (Tex. Crim. App. 1999).

 





[3]           Appellant
also does not argue under a Marin
analysis that he cannot forfeit any alleged statutory right he has to
admonishments under Code of Criminal Procedure article 26.13(a)(1).  See
Marin v. State, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993)
(discussing rights that can be forfeited, rights that can be expressly waived,
and rights that cannot be waived), overruled
on other grounds by Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997).