Milton Lewis BARNES, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 01–09–00607–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 9, 2010.

Discretionary Review Refused May 25, 2011.

Dionne Susan Press, Houston, TX, for Appellant.

Patricia R. Lykos, Harris County District Attorney, Carol M. Cameron, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

Appellant Milton Lewis Barnes entered a plea of guilty before the jury to the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (Vernon Supp. 2010). The jury found that appellant used a deadly weapon in the commission of the offense and assessed punishment at 40 years' imprisonment. Appellant brings a single point of error, contending the trial court erred in not admonishing him of the range of punishment. We affirm.

The complainant and appellant are the parents of two children and lived together twice during their relationship. The complainant testified at trial that appellant had become more aggressive due to drug and alcohol use. On the day before the assault, they had been arguing, and she was concerned that her children might be harmed. She decided to stay with her niece, but returned home the next day to feed her dogs. While she was walking back to the bus station, appellant approached her and stabbed her multiple times with a knife. A witness told firefighters from a nearby station about the attack, and firefighters went to the scene, where they confronted appellant. Appellant continued to hold a knife in his hand until the police arrived and arrested him.

Appellant contends that the trial court failed to give an admonishment required by Code of Criminal Procedure article 26.13, i.e., the range of punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2010). The reporter's record does not reflect that the trial court specifically admonished him concerning the range of punishment in accordance with article 26.13(a)(1).[1] This, however, is not a case in which the trial court accepted a guilty plea, but is a case in which there was a jury trial and appellant pleaded guilty before the jury.

---

1. The docket sheet contains the following entry: "1–10–08 in Ct: w/counsel advised of range of punishment." Because we conclude that the reporter's record reflects that appellant was aware of the range of punishment, we express no opinion whether the docket-sheet entry alone would be sufficient evidence that appellant was aware of the punishment range. *See also* TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2010) (admonitions required by article 26.13(a) may be oral or written; if written, defendant and defendant's attorney must sign statement that defendant understands admonitions and is aware of consequences of plea).

 We recognize that a constitutionally valid guilty plea must be freely, knowingly, and voluntarily made. *See Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). Consistent with due process, a guilty plea must be made with a clear understanding of the direct consequences of the plea. *Mitschke v. State,* 129 S.W.3d 130, 132 (Tex.Crim. App.2004). Because the purpose and function of article 26.13 is to ensure compliance with due process, we will construe appellant's point of error as arguing that his guilty plea to the jury was involuntary because he was unaware of the range of punishment.[2]

During the voir dire of the jury panel, both the trial court and the State referred to the punishment range multiple times, all of which occurred before appellant pleaded guilty. Nothing in the record suggests that appellant was not present during voir dire or could not understand what was said concerning the punishment range. Additionally, at no time did appellant's counsel complain to the trial court that appellant was unaware of the range of punishment, even though appellant was present during voir dire. *See* Tex.R.App. P. 33.1(a).[3]

 On appeal, appellant argues that he pleaded guilty to the trial court before the beginning of trial. While it is true that appellant informed the trial court that he was pleading guilty before voir dire commenced, appellant did not waive his right to trial by jury. The trial court informed appellant that he was choosing to plead guilty to the jury. The law is clear that a guilty plea before a jury is a trial by jury. *See Williams v. State,* 674 S.W.2d 315, 318 (Tex.Crim.App.1984).

We overrule appellant's sole point of error and affirm the trial court's judgment of conviction.

---

**2.** We note that the specific article 26.13(a) admonishments are not constitutionally required. *See Aguirre–Mata v. State,* 992 S.W.2d 495, 499 (Tex.Crim.App.1999).

**3.** Appellant also does not argue under a *Marin* analysis that he cannot forfeit any alleged statutory right he has to admonishments under Code of Criminal Procedure article 26.13(a)(1). *See Marin v. State,* 851 S.W.2d 275, 278–80 (Tex.Crim.App.1993) (discussing rights that can be forfeited, rights that can be expressly waived, and rights that cannot be waived), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App. 1997).