**Modified and Affirmed and Opinion Filed May 31, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00321-CR

**KAMRON MICHAEL BELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-76596-M**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

Kamron Michael Bell appeals his murder conviction. Following appellant's guilty plea before the jury, the jury found appellant guilty and assessed punishment at forty years' confinement and a $1000 fine. In two issues, appellant argues the jury charge at the guilt/innocence stage of trial was contradictory as to what evidence the jury could consider and incomprehensible because words were omitted from the section entitled "Evidentiary Instructions." In a single cross-point, the State asks that the judgment be reformed to show the jury made a deadly weapon finding. As modified, we affirm the trial court's judgment.

In November 2020, appellant was charged by indictment with murder. Specifically, the indictment alleged that, on September 13, 2020, appellant intentionally and knowingly caused the death of David Eugene Young by shooting him with a firearm. At trial on April 4, 2022, after the jury was sworn, the prosecutor read the indictment to the jury, and appellant entered a guilty plea. The State offered into evidence appellant's judicial confession, and the trial court admitted it, over no objection. The State then rested "in the guilt/innocence portion of the trial," and defense counsel also rested. The trial court then read the court's charge to the jury.

Among other things, the jury charge instructed the jury to find appellant "guilty as charged in the indictment." Inexplicably, the charge then set out the law of murder; applied the law of murder to the facts of the case; provided certain evidentiary instructions, including the following incomplete instruction: "As to any question to which an objection was"; and twice in one sentence instructed the jury to only consider evidence it received from the witness stand. The charge concluded with the sentence, "The Defendant has pleaded guilty, and you are hereby instructed to find the defendant guilty of the charge of murder." Appellant did not object to the jury charge. The jury found appellant guilty of murder and explicitly found that he used a deadly weapon, a firearm, during the commission of the offense. Following a punishment hearing, the jury assessed punishment at forty years' confinement and a $1000 fine. This appeal followed.

–2–

In two issues, appellant argues the jury charge at the guilt/innocence stage of trial was contradictory as to what evidence the jury could consider and incomprehensible because words were omitted from the section entitled "Evidentiary Instructions." Specifically, appellant complains of the charge's instruction to only consider evidence it received from the witness stand and inclusion of the incomplete sentence, "As to any question to which an objection was." Appellant complains these errors confused the jury, resulted in a charge that "failed to distinctly set forth the law applicable to the case," and violated appellant's right to a fair trial.

In felony cases, a plea of guilty before the jury admits the existence of all elements necessary to establish guilt and, in such cases, the introduction of evidence by the State is only to enable the jury to intelligently determine punishment. *See Holland v. State*, 761 S.W.2d 307, 312 (Tex. Crim. App. 1988); *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *Williams v. State*, 674 S.W.2d 315, 318 & n.3 (Tex. Crim. App. 1984) (noting that no evidence need be entered when appellant pleads guilty before jury). In such cases, the plea of guilty is conclusive as to the defendant's guilt and there is no question of the sufficiency of the evidence on appeal. *See Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh'g); *Ex parte Williams*, 703 S.W.2d at 678; *Brinson v. State*, 570 S.W.2d 937, 938–39 (Tex. Crim. App. [Panel Op.] 1978). Specifically,

the plea of guilty before a jury essentially becomes a trial on punishment since entry of a plea of guilty before a jury establishes a defendant's guilt except where evidence demonstrates his innocence. (Citations omitted). The introduction of evidence is not to determine guilt but is to enable the jury to intelligently exercise discretion in determining the appropriate punishment.

*Luna v State*, 268 S.W.3d 594, 598 (Tex. Crim. App. 2008) (quoting *Williams*, 674 S.W.2d at 318.)

When the defendant fails to object to the charge, we will not reverse for charge error unless the record shows egregious harm to the defendant. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). Errors that result in egregious harm are "those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). "Egregious harm is a high and difficult standard to meet, and such a determination must be borne out by the trial record." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (internal quotation omitted). Neither party bears the burden to show harm or lack thereof. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). The appellate court must examine the relevant portions of the entire record to determine whether appellant suffered actual harm, as opposed to theoretical harm, as a result of the error. *Id.* When the evidence is overwhelming, it is "less likely the jury was influenced by an erroneous jury instruction than by the

weight of the probative evidence itself." *Johnson v. State*, 981 S.W.2d 759, 763 (Tex. App.—Houston [1st Dist.] 1998).

Here, the jury charge at guilt/innocence contained errors: excess language, inapplicable instructions, and a sentence fragment. However, because appellant failed to object to these errors at trial, he must show that he was egregiously harmed by these errors. *Ngo*, 175 S.W.3d at 743–44. The record is clear that appellant entered a guilty plea before the jury and raised no defensive theory at the guilt/innocence stage. Appellant's guilty plea was conclusive as to his guilt. *See Ex parte Martin*, 747 S.W.2d at 792. Moreover, the charge twice instructed the jury to find appellant guilty. Under the particular facts and circumstances of this case, we conclude appellant has failed to show that he was egregiously harmed. *See Taylor*, 332 S.W.3d at 490. We overrule appellant's first and second issues.

In a single cross-point, the State asks that the judgment be reformed to show the jury made a deadly weapon finding. This Court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The jury's verdict in this case shows the jury explicitly found that appellant used a deadly weapon, a firearm, during the commission of the offense. Accordingly, we sustain the State's cross-issue and modify the judgment in this case to include a deadly weapon finding. *See id.*

–5–

As reformed, we affirm the trial court's judgment.



220321f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KAMRON MICHAEL BELL,
Appellant

No. 05-22-00321-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-76596-M.
Opinion delivered by Justice
Goldstein. Justices Nowell and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:
Under the heading "Findings on Deadly Weapon," "N/A" is deleted,
and "YES, A FIREARM" is substituted.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 31ˢᵗ day of May, 2023.

–7–