In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-064 CR


NO. 09-05-086 CR


____________________



KRISTOFF JAMELL GROGAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause Nos. 92885, 88342






MEMORANDUM OPINION


 We consolidate our discussion of these separate appeals because the lone issue,
pertinent facts, and the applicable law are all identical. In separate indictments, Kristoff
Jamell Grogan was charged in Trial Cause No. 92885 with the offense of Aggravated
Robbery and in Trial Cause No. 88342 with the offense of Aggravated Kidnapping, arising
out of the same criminal episode. See Tex. Pen. Code Ann. § 3.01(1) (Vernon 2003). 
Separate trials were conducted for each offense before different juries. After the jury was
selected in each case, Grogan pleaded guilty, both parties offered evidence, and the juries
reached verdicts on punishment. In Trial Cause No. 92885, the jury assessed punishment at
confinement in the Texas Department of Criminal Justice - Correctional Institutions Division
for a term of thirty years. In Trial Cause No. 88342, the jury assessed punishment at
confinement in the Texas Department of Criminal Justice - Correctional Institutions Division
for a term of eighty years, and a fine of $10,000. The trial court ordered punishment in
Cause No. 92885 to run consecutively with a punishment assessed in a previous conviction
(Trial Cause No. 88343). Thereafter, in Cause No. 88342, the trial court ordered the eighty
year term to run consecutively and "begin only when the judgment and sentence in 88343,
and 92885 has ceased to operate." 

 The lone issue in each appeal reads: "The trial court erred in accepting appellant's
plea of guilty in the total absence of any admonishments." The State's brief in each appeal
concedes the fact that the trial court failed to provide the required admonishments either
orally or in writing to Grogan prior to his pleas of guilty. See Tex. Code Crim. Proc. Ann.
art. 26.13(a) (Vernon Supp. 2006). In each case, Grogan contends the error is reversible
because he was not admonished "concerning the ramifications of his plea of guilty." 
Specifically, Grogan contends that a total absence of any admonishments "regarding the
consequences" of his guilty pleas was a violation of certain federal constitutional rights as
well as a violation of article 26.13. In each appeal, the State replies that any error in failing
to provide the proper admonishments is harmless. 

 On a plea of guilty, whether a trial court has complied with article 26.13 and whether
it has complied for purposes of federal due process are two separate issues. See Gardner v.
State, 164 S.W.3d 393, 398 (Tex. Crim. App. 2005). As to the federal constitution, three
protections are generally recognized: (1) the privilege against compulsory self-incrimination
guaranteed by the Fifth Amendment and applicable to the states via the Fourteenth
Amendment; (2) the right to trial by jury; and (3) the right to confront one's accusers. Boykin
v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, the reason
for admonishing a defendant prior to accepting his plea of guilty is because the defendant
typically agrees to waive a number of constitutional and statutory protections simultaneous
with the entry of his plea. See id. ("Several federal constitutional rights are involved in a
waiver that takes place when a plea of guilty is entered in a state criminal trial.") (emphasis
added). See also U.S. v. Dominguez Benitez, 542 U.S. 74, 84 n. 10, 124 S.Ct. 2333, 159
L.Ed.2d 157 (2004). In the instant cases, neither record indicates Grogan executed waivers
of any federal constitutional rights. A similar issue raised by the defendant in Williams v.
State, 674 S.W.2d 315 (Tex. Crim. App. 1984), was addressed by the Court of Criminal
Appeals as follows:

 The rights referred to by appellant [right against self-incrimination, to
confront and cross-examine witnesses, and trial by jury] were never waived. 
Indeed, the trial court told appellant that even though he pled guilty "The state
will have to introduce evidence into the record to prove your guilt beyond a
reasonable doubt." [ (1)] The court also allowed, and appellant exercised, his
confrontation right fully during the jury trial on the guilty plea and on
punishment. There is no requirement that appellant be informed of his right
against self-incrimination at trial upon a plea of guilty. We see no reason to
so require.


Id. at 319-20. As the records before us do not indicate Grogan waived any rights prior to or
during the course of his guilty plea to the juries empaneled in each case, no error affecting
the protections afforded him under the federal constitution is shown. As the defendant in
Williams, Grogan was able to fully exercise his confrontation right and also had the
opportunity to testify in his behalf should he have so desired. 

 Article 26.13 of the Texas Code of Criminal Procedure requires the trial court to
admonish a defendant before accepting a guilty plea. Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2006). These admonishments are listed as follows: 

 (1) the applicable range of punishment;

 

 (2) the fact that the prosecutor's punishment recommendation is not binding
on the trial court;


 (3) the fact that the defendant must obtain the court's permission to appeal if
the punishment assessed does not exceed the prosecutor's recommendation,
except on matters raised by written pretrial motion; 


 (4) the fact that, if the defendant is not a United States citizen, his guilty plea
may result in deportation; and 


 (5) the fact that the defendant will be required to register as a sex offender if
he is convicted of an offense which requires such registration.


Id. The failure by a trial court to admonish a guilty-pleading defendant pursuant to article
26.13 involves statutory rather than constitutional error. Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002). Here, the second, third, and fifth admonishments do not apply
because Grogan rejected the State's punishment recommendation, and because Grogan's
convictions were not for sex crimes. See Anderson v. State, 182 S.W.3d 914, 916-17 (Tex.
Crim. App. 2006). Therefore, if even implicated, Grogan's substantial rights were not
affected by the trial court's failure to provide these admonishments. Tex. R. App. P. 44.2(b). 

 As for any deportation consequences from the plea of guilty, the record contains a
copy of an identification information card apparently created by either the Beaumont Police
Department or the Jefferson County Sheriff's Office on the day Grogan was initially arrested. 
The information card lists Grogan's place of birth as "BEAUMONT TX." Although it was
error for the trial court to have failed to provide this admonishment, the error is harmless
under Rule 44.2(b) as the record affirmatively reflects Grogan to be a natural-born United
States citizen. See Anderson, 182 S.W.3d at 919 (citing Cain v. State, 947 S.W.2d 262, 265-66 (Tex. Crim. App. 1997) (record indicated defendant born in Texas, therefore he was a
non-deportable citizen of the United States)). 

 Lastly, the trial court erroneously failed to expressly admonish Grogan regarding the
applicable range of punishment for each of the offenses at issue. In applying Rule 44.2(b)
to a trial court's failure to give the requisite admonishments, a reviewing court must
determine if there is fair assurance that the defendant's decision to plead guilty would not
have changed had the court admonished him. Id. at 919. In making this determination, the
reviewing court considers the record as a whole. Id. In both trials, Grogan was present
during the voir dire process at which time the entire range of punishment for each offense
was explained to the venire panel in detail. Neither record indicates that Grogan attempted
to change his decision to plead guilty following the detailed explanations to the jury venires
of the consequences of Grogan's guilty pleas - - exposure to possible life sentences in each
case. See Burnett, 88 S.W.3d at 639. It was only after the voir dire proceedings in each case
that Grogan formally entered his pleas of guilty. Additionally, the potential severity of the
punishments that could be assessed by the respective jury panels was clearly explored by
counsel for each party during the voir dire proceedings. Further references to the punishment
ranges or to the wide range of punishment appear in the closing arguments as well as in the
trial court's instructions to both juries. 

 To warrant reversal, the record must support an inference that Grogan did not know
the consequence of his plea. See id. at 638 (citing Carranza v. State, 980 S.W.2d 653, 657-58 (Tex. Crim. App. 1998)). While a completely silent record would support the inference
of a defendant's lack of knowledge, a reviewing court is permitted to consider record facts
from which one would reasonably infer that a defendant did know the consequences of his
plea - - in this case, was actually aware of the applicable ranges of punishment. See id. at
638-39 (citing Schutz v. State, 63 S.W.3d 442, 444-45 (Tex. Crim. App. 2001) (discussing
proper scope of review for non-constitutional error)). As was the circumstance in Burnett,
the records before us lack "even a scintilla of evidence that [Grogan] did not know the
punishment range, while the record is replete with evidence that he did know the punishment
range." Id. at 639. As further noted in Burnett, it is Grogan's factual knowledge of the
applicable range of punishment, or lack thereof, with which we are concerned, not his ability
to judge the risk that he would actually receive a sentence at the high end of the punishment
range. See id. at 639 n.22. Without record evidence supporting an inference that Grogan was
unaware of the range of punishment for the offenses he pleaded guilty to, and with a
significant amount of full range-of-punishment discussion in the record taking place in
Grogan's presence, we cannot find the trial court's failure to provide range of punishment
admonishments in either case misled or harmed Grogan. See id. at 641. Grogan's substantial
rights were, therefore, not affected in either case. See Tex. R. App. P. 44.2(b). Grogan's lone
appellate issue in each case is overruled. We affirm the trial court's judgments in Trial Cause
Number 92885 and Trial Cause Number 88342.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on September 26, 2006

Opinion Delivered January 24, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The footnote appearing in Williams here points out the trial court's incorrect
statement of the law to the defendant. When a defendant pleads guilty before a jury no

evidence need be introduced to support the conviction. Id. at 319 n. 3. Only when a

defendant pleads guilty to the judge is evidence necessary. Id.; see also Wilkerson v.
State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987).