In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00122-CR




DENNIS LAMONT EVANS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1113874

 

MEMORANDUM OPINION
 
          Appellant, Dennis Lamont Evans, appeals his conviction for felony murder on
the ground that the evidence presented at trial was insufficient to embrace every
essential element of the charged offense. Specifically, appellant complains that
running a stop sign while evading arrest, thereby causing a fatal traffic accident,
cannot be deemed an act “clearly dangerous to human life” under the felony murder
statute. We affirm.
Background
          At approximately 10:00 am on April 24, 2007, police officers from the Houston
Police Department observed appellant driving a car that had recently been reported
stolen. When officers attempted to stop the car by blocking an intersection with their
vehicles, appellant went around the blockade. Three police cars, lights flashing,
chased after appellant in the stolen car. Appellant accelerated, evaded a second
police blockade, and went into a residential neighborhood. These actions endangered
several other vehicles and pedestrians. Appellant did not stop at any of the stop signs
he approached. After a series of turns, appellant continued to increase his speed
“tremendously.” While speeding through another stop sign while going at least 65
miles an hour, appellant’s car smashed into the driver’s side door of a pick-up truck
driven by Rikki Sanchez. A police officer who observed the collision testified that
appellant did not appear to apply his brakes as he sped through the intersection. That
officer also testified that Sanchez, who was wearing her seatbelt, had the right-of-way, and that appellant should have stopped at the stop sign. Sanchez died at the
scene from her injuries, which included massive head trauma, brain hemorrhage,
broken ribs and internal bleeding. After the accident, appellant attempted to run from
the scene on foot. Officers tackled appellant and were eventually forced to taser him
before he yielded.
          At trial, appellant pled guilty to felony murder before the jury and requested
that the jury assess his punishment. During his testimony in the punishment phase,
appellant admitted knowing that the car he was driving had been stolen, that he was
going at least 45 miles an hour during the police chase, and that he accelerated
through the intersection in which the accident occurred. Appellant also admitted that
he was under the influence of cocaine at the time of the accident. Appellant
contended, however, that he did not see the stop sign at the intersection, and that he
did attempt to apply the brakes at some point but that they did not work. The jury
assessed punishment for felony murder at 37 years’ confinement. 
Standard of Review
          Appellant’s complaint is that the evidence is insufficient to support his
conviction for felony murder. Appellate standards of review for legal and factual
sufficiency of the evidence do not apply to felony cases where a defendant enters a
plea of guilty or nolo contendere. See Ex parte Martin, 747 S.W.2d 789, 791 (Tex.
Crim. App.1988); Ex parte Williams, 703 S.W.2d 674, 682 (Tex. Crim. App.1986);
see also McGill v. State, 200 S.W.3d 325, 329 (Tex. App.—Dallas 2006, no pet.). 
Under Texas law, when a criminal defendant waives a jury and pleads guilty or nolo
contendere, the State is only required to introduce sufficient evidence to show the
defendant’s guilt. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). It need
not introduce evidence to show the defendant’s guilt beyond a reasonable doubt. See
Ex parte Martin, 747 S.W.2d at 792–93. Evidence is sufficient to show guilt if it
embraces every essential element of the offense charged. Tex. Code Crim. Proc.
Ann. art. 1.15; Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App.1996).
          Article 1.15 does not apply, however, when a guilty plea is entered in the
presence of the jury. Williams v. State, 674 S.W.2d 315, 319 (Tex. Crim. App.1984)
(noting no evidence need be entered when appellant pleads guilty before jury;
evidence necessary for guilty plea before court only; Helton v. State, 886 S.W.2d 465,
466 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). The guilty plea is conclusive
as to the defendant’s guilt, and the sufficiency of the evidence may not be questioned
on appeal. See, e.g., Stahle v. State, 970 S.W.2d 682, 688 (Tex. App.— Dallas 1998,
pet. ref’d). 
Discussion
          Here, appellant pled guilty before the jury to the indictment of felony murder. 
The grand jury’s felony murder indictment was read to appellant in the presence of
the jury. When prompted for his response to the indictment, appellant stated, “Guilty,
sir.” The court accepted appellant’s plea of guilty to the indictment. In pleading
guilty to the indictment as read, appellant specifically admitted, in the presence of the
jury, that he committed the felony of evading arrest by intentionally and knowingly
fleeing police officers who were attempting to lawfully detain him, that he used a
motor vehicle to escape officers, and that in the course of fleeing from officers, he
committed an act “clearly dangerous to human life” by speeding and running a stop
sign, colliding with Sanchez’s vehicle and thereby causing Sanchez’s death.
          A plea of guilty to a felony before a jury admits the existence of all
incriminating facts necessary to establish guilt. Wilkerson v. State, 736 S.W.2d 656,
659 (Tex. Crim. App. 1987); Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim.
App. 1986); Williams v. State, 674 S.W.2d 315, 319 (Tex. Crim. App. 1984); Helton
v. State, 886 S.W.2d 465, 466 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
          Appellant’s guilty plea after the reading of the grand jury’s indictment on
felony murder, which included the allegation that he committed an act “clearly
dangerous to human life,” was made before the trial judge in open court with the jury
seated. Accordingly, we overrule appellant’s single point. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks and Bland. 

Do not publish. Tex. R. App. P. 47.2(b).