**John Arthur HELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00076–CR to 01–94–00086–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 6, 1994.

Discretionary Review Refused Dec. 14, 1994.

Kenneth P. Mingledorff, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Denise Oncken, Kari Sckerl, Houston, for appellee.

Before WILSON, COHEN and HEDGES, JJ.

**OPINION**

WILSON, Justice.

A jury found appellant, John Arthur Helton, guilty of eight counts of indecency with a child, 13 counts of aggravated sexual assault of a child, two counts of sexual performance by a child, and one count of possession of child pornography. The jury assessed appellant's punishment at 99–years imprisonment and a fine of $10,000 for each of the 13 counts of aggravated sexual assault, at 20–years imprisonment each for both counts of sexual performance by a child and for each of three counts of indecency with a child, and at 10–years imprisonment for each of the other five counts of indecency with a child, as well as for the count of possession of child pornography. We affirm.

On the day his trial commenced, before a venire panel was brought to the courtroom, appellant, in writing, with the consent of the prosecutor and the court, waived his right to trial by jury on his guilt or innocence. At the same time, he pled to the court that he was guilty of all the charges against him. The court stated that each of appellant's jury waivers in each of the cases was accepted. The judge then brought the venire panel into the courtroom, spoke to them briefly, and released them for lunch. Thereafter, the following exchange occurred between the court and the attorneys:

[Prosecutor]: May I ask just a housekeeping sort of matter?

Do you instruct the jury to find him guilty or do you find him guilty and then tell the jury that you have done that since we did the waiver.

Court: We tell them that he's pleading guilty. They will be instructed to find him guilty....

[Appellant's Counsel]: So they will have 25 verdict forms on guilt. They deliberate twice or once?

Court: Once....

All I plan going into with the jury was the fact that he has entered his plea of guilty, that the jury will be instructed to find him guilty, that's simply the jury's job, that's their exclusive job of the testimony and credibility, evaluating the testimony, the defendant's right to testify.

Later, in his opening instructions to the venire panel, the judge told the venire-members that appellant had entered a plea of guilty to the charges and had elected to have the jury assess his punishment. Without objection from appellant's counsel, the court told the venire panel that in the court's charge, the court would instruct the jury to find appellant guilty in each of the cases.

After the jury was selected, the prosecutor read each of the indictments. After each indictment the court asked appellant for his plea, and appellant answered "guilty."

Then, for the punishment phase of the trial, the State put on testimony from the detective who investigated the offenses. Following this testimony and closing arguments, the court, without objection from appellant, charged the jurors to find the defendant guilty as to each of the charges and assess the punishment, which they did.

In points of error four through 16, appellant asserts that the trial court erred in instructing the jury to find him guilty of each of the various charges brought against him. Specifically, appellant contends that the court violated Tex.Code Crim.Proc.Ann. art. 1.15

(Vernon Supp.1994) by finding appellant guilty without fulfilling that statute's requirement that the State put on evidence showing appellant's guilt.[1] Consequently, appellant argues, the court's judgment of guilt is unsupported by evidence.

■ We hold art. 1.15 does not apply to the facts of this case. Although appellant initially pled guilty to the court, he superseded the initial plea by subsequently pleading guilty to the jury. A plea of guilty to a felony before a jury admits the existence of all incriminating facts necessary to establish guilt. *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex.Crim.App.1987); *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex.Crim. App.1986). Appellant's plea having become a guilty plea to the jury instead of to the court, there was no need for the State to introduce evidence showing his guilt. *See Williams v. State*, 674 S.W.2d 315, 318 (Tex.Crim.App. 1984) ("Entry of a plea of guilty before a jury establishes a defendant's guilt except where evidence demonstrates his innocence. [citations omitted] The introduction of evidence is not to determine guilt but is to enable the jury to intelligently exercise discretion in determining the appropriate punishment."). When a defendant pleads guilty before a jury, no evidence need be entered. *Id.* at 319 n. 3. Evidence is necessary for a guilty plea before the court only. *Id.* Thus, we hold, under the facts of this case, it was not necessary for the State to introduce evidence showing appellant's guilt.

Accordingly, we overrule points of error four through 16.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published.

We affirm the judgment.

---

1. Article 1.15 provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however-

er, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same....