TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00480-CR






Roy Santos, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0952172, HONORABLE BOB PERKINS, JUDGE PRESIDING








 This is an appeal from a conviction for aggravated sexual assault of a child. See Tex. Penal
Code Ann. § 22.021(B)(ii) (West Supp. 1998). (1) Appellant, Roy Santos, Jr., entered a plea of guilty to
the first count of the indictment before a jury. The jury assessed his punishment at 45 years' imprisonment.

 Appellant advances three points of error, all related to the trial court's comment during the
voir dire examination of the jury panel. In the first two points of error, appellant contends that the "trial
court erred when it informed the jury during voir dire that it [the court] could not grant probation in
appellant's case" thus denying appellant due process of law under the Fifth Amendment to the United
States Constitution and due course of law under article I, section 19 of the Texas Constitution. In the third
point of error, appellant urges that he was denied the effective assistance of counsel for the failure to object
to the trial court's comment to the jury panel.

 The complained-of remarks were made during the trial court's explanation of the nature
of the case to the jury panel. The trial court informed the prospective jurors that unlike a regular case, the
instant case would present to the jury only the issue of punishment because the appellant had entered a plea
of guilty. (2) In effect, the trial court explained that the trial would be a unitary, not a bifurcated trial. (3) In the
midst of the trial court's explanation, the court stated:


And the law provides that in Texas if a person is charged with an offense like aggravated
sexual assault and certain other offenses, aggravated robbery, aggravated kidnapping,
those type issues, that those defendants are not eligible to get probation from the court,
from the judge; that the only way in which they can get probation would be if they
proceeded before the jury. (4)


And so you will be asked in this case whether or not you think that probation should be
given as the sentence. As I made to you the court [sic], they could not go to the court and
ask that because I cannot under the law grant that. So really the issue is going to be
presented to you.



To these remarks there was no trial objection.

 To preserve a complaint for appellate review, a party must have presented to the trial court
a timely objection stating the specific grounds for the objection. Tex. R. App. P. 33.1(a) (formerly Rule
52(a)); Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995); Rezac v. State, 782 S.W.2d
869, 870 (Tex. Crim. App. 1990). No error is preserved if no objection is made to allegedly improper
comments by the trial court. Hovila v. State, 562 S.W.2d 243, 249 (Tex. Crim. App. 1978), cert.
denied, 439 U.S. 1135 (1979); Rosales v. State, 932 S.W.2d 530, 537 (Tex. App.--Tyler 1995, pet.
ref'd); Mestiza v. State, 923 S.W.2d 720, 724 (Tex. App.--Corpus Christi 1996, no pet.). By not
objecting, appellant waived any error. Moore v. State, 907 S.W.2d 918, 921 (Tex. App.--Houston [1st
Dist.] 1995, pet. ref'd); Lookingbill v. State, 855 S.W.2d 66, 77 (Tex. App.--Corpus Christi 1993, pet.
ref'd); Williams v. State, 834 S.W.2d 502, 505 (Tex. App.--Fort Worth 1992, pet. ref'd). Even
constitutional error may be waived. See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990);
Gibson v. State, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974). Appellant cites a number of cases
concerning certain comments by trial courts. In each, there was a timely and proper objection which
distinguishes these cases from the instant one. Points of error one and two are overruled.

 In the third point of error, appellant contends that he was denied the effective assistance
of counsel at trial because counsel failed to object to the comments of the trial court. The only issue before
the jury was punishment. The standard for evaluating a punishment phase "ineffective assistance of counsel
claim" is the "reasonably effective assistance" standard of Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim.
App. 1990), rather than the test articulated by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668 (1984). See Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App.
1991); Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987).

 "Reasonably effective assistance" means "not errorless counsel and counsel judged by
hindsight, but counsel reasonably likely to render and rendering reasonable effective assistance." Felton,
815 S.W.2d at 35. In applying this standard, courts look to the full scope of assistance--representation,
performance, delivery--for effectiveness rather than adequacy of ability or capacity to advise. The
standard calls for an examination both of competence, "likely to render," and of assistance, "and rendering,"
in determining effectiveness of counsel. Duffy, 607 S.W.2d at 516 n.17; Ex parte Walker, 794 S.W.2d
36, 37 (Tex. Crim. App. 1990). Normally, the particular facts and circumstances of each case must be
considered in any claim of ineffective assistance, Johnson v. State, 691 S.W.2d 619, 626 (Tex. Crim.
App. 1984), cert. denied, 474 U.S. 865 (1985), before the totality of the representation is evaluated. In
some circumstances a single error of omission can constitute ineffective assistance. Felton, 815 S.W.2d
at 735-36; Jackson v. State, 766 S.W.2d 504, 510-11 (Tex. Crim. App. 1985), modified on other
grounds following remand, 766 S.W.2d 518 (Tex. Crim. App. 1988); Ex parte Scott, 581 S.W.2d
181, 182 (Tex. Crim. App. 1979).

 Appellant contends that the single act of omission by his trial counsel constituted ineffective
assistance. We do not agree. The omission, if error, was not of a magnitude significant enough to render
appellant's trial counsel ineffective. The trial court's voir dire remarks were not comments on the weight
of the evidence nor did they express the opinion of the court as to the case. See Tex. Code Crim. Proc.
Ann. art. 38.05 (West 1979). The remarks correctly stated the law, although they were unnecessary under
the circumstances and thus should have been avoided. The single isolated omission of an objection did not
constitute ineffective assistance of counsel under the particular facts of this case. The third point of error
is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed

Filed: January 8, 1998

Do Not Publish









* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The current code is cited for convenience. The applicable law on July 15, 1994, the date of the
offense, was Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws (2d C.S.) 80
(Tex. Penal Code Ann. § 22.021(B)(ii), since amended).
2. When a defendant enters a plea of guilty to a felony charge before a jury he admits the existence
of all facts necessary to establish guilt. In such cases, the introduction of evidence by the State is to enable
the jurors to intelligently exercise the discretion which the law vests in them touching the penalty to be
assessed. See Holland v. State, 761 S.W.2d 307, 312-13 (Tex. Crim. App. 1988), cert. denied, 489
U.S. 1091 (1989); Wilkerson v. State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1978); Darden v. State,
430 S.W.2d 494, 495 (Tex. Crim. App. 1968); Helton v. State, 886 S.W.2d 465, 466 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd); Garza v. State, 878 S.W.2d 213, 216 (Tex. App.--Corpus
Christi 1994); see also Williams v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984) (the State need
not introduce evidence showing defendant's guilt).
3. A plea of guilty before a jury in a felony case is a unitary trial not a bifurcated trial. See Holland,
761 S.W.2d at 313; Williams, 674 S.W.2d at 318; Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex.
Crim. App. 1981); Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972); see also Tex.
Code Crim. Proc. Ann. art. 37.07, § 2(a) (West Supp. 1998).
4. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(E) (West Supp. 1998). The current code
is cited for convenience.



capacity to advise. The
standard calls for an examination both of competence, "likely to render," and of assistance, "and rendering,"
in determining effectiveness of counsel. Duffy, 607 S.W.2d at 516 n.17; Ex parte Walker, 794 S.W.2d
36, 37 (Tex. Crim. App. 1990). Normally, the particular facts and circumstances of each case must be
considered in any claim of ineffective assistance, Johnson v. State, 691 S.W.2d 619, 626 (Tex. Crim.
App. 1984), cert. denied, 474 U.S. 865 (1985), before the totality of the representation is evaluated. In
some circumstances a single error of omission can constitute ineffective assistance. Felton, 815 S.W.2d
at 735-36; Jackson v. State, 766 S.W.2d 504, 510-11 (Tex. Crim. App. 1985), modified on other
grounds following remand, 766 S.W.2d 518 (Tex. Crim. App. 1988); Ex parte Scott, 581 S.W.2d
181, 182 (Tex. Crim. App. 1979).

 Appellant contends that the single act of omission by his trial counsel constituted ineffective
assistance. We do not agree. The omission, if error, was not of a magnitude significant enough to render
appellant's trial counsel ineffective. The trial court's voir dire remarks were not comments on the weight
of the evidence nor did they express the opinion of the court as to the case. See Tex. Code Crim. Proc.
Ann. art. 38.05 (West 1979). The remarks correctly stated the law, although they were unnecessary under
the circumstances and thus should have been avoided. The single isolated omission of an objection did not
constitute ineffective assistance of counsel under the particular facts of this case. The third point of error
is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed